IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chris Robert Klein, ) | Case No. 8:16-cv-00444-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| United States, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant's motion to dismiss. [Doc. 26.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed the above-captioned action on February 12, 2016. [Doc. 1.] Plaintiff seeks a refund of federal income taxes under 26 U.S.C. § 7422. [*Id.*] On June 27, 2016, Defendant filed the instant motion to dismiss. [Doc. 26.] On June 28, 2016, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 28.] Plaintiff filed a response in opposition to Defendant's motion on August 1, 2016 [Doc. 30], to which Defendant replied on August 11, 2016 [Doc. 32]. Accordingly, the motion is ripe for review.

## BACKGROUND[1]

Plaintiff brought this action alleging damages due to unauthorized collection actions by the Internal Revenue Service ("IRS"), an agent for the United States Treasury. [Doc. 1 at 3.] Plaintiff alleges that the IRS unlawfully pursued collection of Plaintiff's 2009 federal income taxes. [*Id.*] Plaintiff asserts that he paid $2,042.26 under duress (threat of lien) in 2015. [*Id.*] Plaintiff alleges that he attempted an administrative remedy and filed a claim with the IRS advisory office in August 2015; however, after noticing an error, he resubmitted his claim on December 17, 2015. [*Id.*] Plaintiff has not received a response. [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[1] The facts included in this background section are taken directly from Plaintiff's Complaint. [Doc. 1.]

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he

pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations removed)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Tax cases in the federal courts are subject to strict procedural requirements. Section 7422(a) of the Internal Revenue Code provides in pertinent part as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Further,

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

After a careful review of the record and the applicable law, and as argued by the Defendant, Plaintiff has not given Defendant an opportunity to resolve this matter at the administrative level. As stated, no suit for refund of taxes under § 7422(a) can be begun before six months have expired since the filing of the claim for refund, unless a decision has been rendered on the claim for refund prior to that time. 26 U.S.C. § 6532(a)(1). Here, Plaintiff filed his claim requesting a refund for Tax Year 2009 with the IRS on December 17,

5

2015.[2] [Docs. 1 at 3; 1-1.] Plaintiff filed the instant action on February 12, 2016, less than two months later. [Doc. 1.] Because Plaintiff failed to wait the required six-month period under § 6532(a)(1) before filing this action, the undersigned recommends that this action be dismissed. *See Davis v. C.I.R.*, No. 77-1602, 1978 WL 1191, at *1 (D.S.C. March 30, 1978) (dismissing the case because Plaintiff failed to meet the six-month waiting period requirement before filing suit). Although Plaintiff argues § 6532(a)(1) is inapplicable, Plaintiff has failed to direct the Court to any legal authority to support this argument. Thus, Defendant's motion to dismiss should be granted.[3]

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendant's motion to dismiss [Doc. 26] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

December 15, 2016
Greenville, South Carolina

---

[2] Plaintiff initially filed a claim with the IRS requesting a refund for Tax Year 2009 in August 2015; however, he subsequently requested that the IRS disregard his August 2015 claim and instead respond to his December 17, 2015 claim. [Doc. 1-1.]

[3] The undersigned declines to address Defendant's remaining argument that Plaintiff's claim should be dismissed for failure to exhaust administrative remedies because even if Plaintiff's claim was properly filed with the IRS, as discussed herein, this action is premature.